# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Steve Perez, Petra Feria,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>City of Anaheim, a government entity; and Does 1 to 25, inclusive,<br><br>　　　　Defendants. | Case No.: SACV13-01609 JVS (DFMx)<br><br>Assigned to:　James V. Selna<br>Dept.:　　　　10C<br><br>**PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**<br><br>Action Filed:　10/15/13<br>Trial Date:　　11/25/14 |

　　　　Based on the stipulation of all parties, through their respective attorneys of record, and good cause appearing therefor, the Court hereby enters the following protective order:

　　　　1.　　This Protective Order ("Order") applies to and governs the use of confidential police officer personnel materials which are being produced to plaintiffs by defendant the City of Anaheim in this action.  Plaintiffs have requested copies of personnel and disciplinary materials maintained by the Anaheim Police Department ("APD") for officers Stephen Craig and Stephen Salicos (collectively the "Officers").  The Officers' respective personnel files may contain information regarding any complaints against the Officers,

disciplinary charges, findings and actions, and their respective personal backgrounds and contact information, all of which has been generated or collected by the APD and thereafter maintained in confidence.  Anaheim has invoked the official information privilege with respect to the information contained in these materials (hereinafter referred to as "Confidential Information").  The term Confidential Information includes the information described above, and any documents containing such information.

    2. Plaintiff's counsel shall use the Confidential Information solely for the purposes of this litigation, and shall not disclose any portion of the Confidential Information to any other person, firm or corporation except:

        A. Bona fide employees of counsel's law offices, and then only to the extent necessary to enable said persons to assist in litigation of this action;

        B. Plaintiffs, to the extent deemed necessary by counsel for the prosecution of this litigation

        C. Expert witnesses employed by the parties to this action;

        D. Consultants retained by the parties to this action; or

        E. The Court.

    3. All persons described in paragraph 2 (A) through (E) above shall not disclose any portion of said Confidential Information and shall not use any information obtained therefrom except in conformance with this Order and for purposes of this litigation.  Any party who discloses Confidential Information to any person described in paragraph 3 (A) through (D) shall advise such person that said matters constitute Confidential Information which may be used only for the litigation of this action, and shall, prior to disclosure of the Confidential Information, have such person execute a written understanding and agreement to be bound by the Stipulation for Protective Order in the form attached thereto.

4. Any deposition testimony that encompasses or concerns Confidential Information shall be transcribed in a separate booklet that is marked on its cover "Confidential: Do Not Disclose Except By Court Order." Any party that wishes to submit documents containing Confidential Information to the Court shall comply with the provisions of Local Rule 79-5.1, including the filing of a written application and a proposed order to obtain the Court's approval. Materials containing Confidential Information may only be filed in the manner prescribed by Local Rule 79-5.

5. The attorneys for Plaintiff are directed to retain all copies of documents, notes, or summaries containing Confidential Information in their custody, possession and control and to take the necessary precautions to prevent persons not authorized as provided above from obtaining access to any such Confidential Information.

6. Production of the Confidential Information protected by this Order shall not constitute a waiver of any privilege or confidentiality or privacy right. The parties retain the right to assert all substantive objections to the Confidential Information, including but not limited to relevancy, hearsay, privacy, privilege, and Rule 403 of the Federal Rules of Evidence.

///
///
///
///
///
///
///
///

7. At the conclusion of this action, all documents containing Confidential Information, all copies and extracts thereof, with the exception of those documents affected by the attorney work-product doctrine or attorney-client privilege, shall be returned to counsel for defendant Anaheim. As to those documents protected by the attorney work-product doctrine or attorney-client privilege, any and all such documents shall either be redacted and returned to defendant Anaheim's counsel or shall be destroyed.

## **ORDER**

**It is so ORDERED.**

Dated: May 29, 2014

_____
Hon. Douglas F. McCormick
United States Magistrate Judge